NEWTON P. HOLDEN

v.

EDGAR TERHUNE ET AL.

*Mortgages—Foreclosure—Payment in Part—Residue—Decree.*

Upon a bill to foreclose a mortgage this court declines to interfere with the finding of the trial court, that the son of the mortgagee had received payment in part on account of the same, and that he was authorized so to do.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. F. C. CALDWELL, for appellant.

Mr. EDGAR TERHUNE, *pro se.*

GARY, J.  This is a bill to foreclose a mortgage for $500, borrowed by the appellee above named from the appellant, April 17, 1882, for the term of three years, for which a note secured by the mortgage, was given.  The mortgagor and a son of the appellant were partners as practicing lawyers. Upon the preponderance of the evidence the Superior Court found that, April 3, 1884, the mortgagor paid to the appellant $300 on account of the note and mortgage.  This money, if paid, was not in fact paid by the mortgagor into the hands of the appellant, but into those of his son.  The brief on the part of the appellant concedes, " On the part of the appellant, we can not, in the face of the evidence, deny the bare fact that some money passed between Terhune and his partner at the time specified," but insists that such payment, if made, was without authority from the appellant.

The son of the appellant, partner of the mortgagor, died December 1, 1884.  In June, 1885, at an interview between the parties, according to the only testimony upon the subject, when the mortgagor claimed that he had paid this $300, the appellant said that if he had paid it it was all right, but he did not believe that it had been paid, and called for a receipt.

As corroborative of other evidence, perhaps not sufficient in itself, on the part of the appellees, of the authority of the son to receive the money, this declaration of the appellant, the fact of payment being proved, justified the finding of the court that the son had authority from the appellant to receive it.

The questions in the case all relate only to the credibility of witnesses and the preponderance of evidence.  The decree for the unpaid residue of the debt only, is affirmed.

*Decree affirmed.*